UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GAGANDEEP SINGH,

Petitioner,

v.

TONYA ANDREWS, *et al.*,

Respondents.

Case No.  1:26-cv-400-DJC-JDP (P)

ORDER

Gagandeep Singh, an immigration detainee represented by counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, and a motion for a temporary restraining order, ECF No. 2.  Upon review of petitioner's filings, the court issued an order stating that the issues raised by petitioner appear to mirror issues addressed in prior cases, such as *Singh v. Andrews*, No. 1:25-cv-1543-DJC-SCR; *Mariagua v. Chestnut*, No. 1:25-cv-1744-DJC-CSK; and *Ortega v. Noem*, No. 1:25-cv-1663-DJC-CKD.  ECF No. 4.  The court ordered respondents to show cause as to whether any factual or legal issues distinguish this case from these prior cases.  *Id.*  The court also instructed respondents to state whether they oppose the court converting petitioner's motion to a motion for a preliminary injunction.  *Id.*

In response, respondents conceded that they "do not have legal arguments to distinguish this case from previous orders issued by the Court, nor do Respondents identify material factual

1

differences between this case and those identified by the Court in the Order to Show Cause."[1] ECF No. 7 at 1.

The court thereafter converted petitioner's motion for a temporary restraining order to a motion for a preliminary injunction. ECF No. 8. The court granted the motion in light of respondents' "concession that there are no factual or legal issues in this case that render this case distinct from the [court's] prior cases" and "for the reasons stated in the orders in those prior cases." ECF No. 8. The court ordered (1) petitioner immediately released, (2) that respondents not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing, and (3) that respondents not re-arrest or re-detain petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing. *Id.* The court further ordered that at any such hearing, the government would bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner would be allowed to have counsel present. *Id.* The court referred the matter to the undersigned for all further pretrial proceedings. *Id.*

In light of the government's representations that there are no factual or legal issues distinguishing this case from the cases identified by the court, the court orders respondents to show cause, beyond any arguments previously raised, why the court should not grant the habeas petition on the merits and enter a permanent injunction on the same grounds as identified in connection with the preliminary injunction. The government shall file its response within twenty-one days of this order. Petitioner shall file a reply within fourteen days of the government's response indicating whether he would stipulate to dismissing the unaddressed causes of action

---

[1] Respondents further asked that the court delay setting any further briefing deadlines for 180 days in order to present "informed briefing in a rapidly-evolving area of law." *Id.* at 2. Respondents have not identified any currently pending appeals in the Court of Appeals that are likely to have precedential effect on the issues in this case. Accordingly, this request is denied without prejudice. *See* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.").

and requested relief should the court grant the petition on the merits and enter a permanent injunction on the same grounds as identified in connection with the preliminary injunction. Should the government seek to raise arguments not previously addressed, the government shall file a response—either an answer or a motion to dismiss—to the petition within twenty-one days. Petitioner's reply is due fourteen days after the government's response.

Accordingly, it is hereby ORDERED that:

1. The government shall show cause, beyond any arguments previously raised, why the court should not grant the habeas petition on the merits and enter a permanent injunction on the same grounds as identified in connection with the preliminary injunction. The government shall file its response within twenty-one days of this order.

2. Petitioner shall file a reply within fourteen days of the government's response indicating whether he would stipulate to dismissing the unaddressed causes of action and requested relief should the court grant the petition on the merits and enter a permanent injunction on the same grounds as identified in connection with the preliminary injunction.

3. Should the government seek to raise new arguments, the government shall file a response—either an answer or a motion to dismiss—to the petition within twenty-one days.

4. Petitioner's reply is due fourteen days after the government's response.

IT IS SO ORDERED.

Dated:     January 23, 2026     _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3